**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 8:12-cv-01053-AW |
| AXIS INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION

Plaintiff Financial Industry Regulatory Authority, Inc. asserts this action against Defendant AXIS Insurance Company. Plaintiff's Complaint sounds in breach of contract. Pending before the Court is Defendant's Motion to Transfer Venue. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** Defendant's Motion to Transfer Venue.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Financial Industry Regulatory Authority (FINRA) is a Delaware corporation that does business in Maryland. Defendant AXIS Insurance Company (AXIS) is an Illinois corporation with offices throughout the United States.

FINRA commenced this action in Maryland state court based on allegations of breach of contract.  FINRA essentially alleges that AXIS breached its duty to indemnify it under two insurance contracts that AXIS issued to it. The first contract covers the period from March 31, 2010 to March 31, 2011 (2010/2011 contract). The second contract covers the period from March 31, 2011 to March 31, 2012 (2011/2012 contract).

1

FINRA's allegations of breach of contract relate to a lawsuit that Hans-Linhard Reich (Reich) brought against FINRA in the Southern District of New York (Reich action). Reich is a former FINRA employee who alleged that FINRA discriminated against him due to age. Reich has since settled his lawsuit against FINRA.

In August 2011, AXIS received notice that Reich had filed an EEOC charge against FINRA. AXIS agreed to participate in the proceeding pursuant to the 2011/2012 contract, reserving its rights to later deny coverage.

On February 15, 2012, AXIS denied coverage for the Reich action. AXIS asserted that a February 3, 2011 email from Reich's attorney (James Batson) to FINRA's associate vice president and associate general counsel (Gary Lipkin) discussing prior settlement negotiations constituted a written demand under the contract. AXIS further asserted that FINRA bore a contractual obligation to make a claim on this written demand within 60 days of the expiration 2010/2011 contract, and that FINRA failed to do so.

On April 5, 2012, AXIS removed FINRA's state breach of contract action to this Court. On April 19, 2012, AXIS filed a Motion to Transfer Venue (Motion to Transfer).  AXIS basically argues that venue is proper in the Southern District of New York because it would be more convenient for the parties and witnesses. FINRA responded and the Motion to Transfer is ripe for resolution.

## II.    LEGAL ANALYSIS

The federal change of venue statute provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In determining whether transfer is warranted, courts consider the following factors: (1) whether the transferee

court is one in which the action could have been brought initially; (2) whether transfer is convenient to the parties and witnesses; and (3) whether the transfer is in the interest of justice. *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002) (citation omitted).

Movants bear the burden to prove that the balance of these factors favors them. *Id.* (citation omitted). "Further, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (internal quotation marks omitted) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Mere assertions of inconvenience or hardship are inadequate support for a motion to . . . transfer . . . ." *Id.* (citation omitted). Rather, the movant must submit "affidavits from witnesses and parties explaining the hardships [they] would suffer if the case were heard in the plaintiff's chosen forum." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 681 (D. Md. 2010) (citation and internal quotation marks omitted).

In this case, AXIS asserts, and FINRA does not dispute, that FINRA could have brought the action in the Southern District of New York. Therefore, the Court's analysis centers on whether transfer would (1) be convenient and (2) serve the interest of justice.

## A.      Whether Transfer Would Be Convenient for the Parties and Witnesses

AXIS argues that transfer to the Southern District of New York would be convenient for the parties and witnesses primarily because (1) most of the nonparty witnesses are in New York, and (2) this Court lacks power to compel the testimony and document production of the nonparty New York witnesses.

These reasons are insufficient to show that transfer to the Southern District of New York would be convenient within the meaning of § 1404(a). As for reason (1), AXIS has identified three primary nonparty witnesses: (a) Reich; (b) Reich's attorney; and (c) Marsh, the insurance

broker who negotiated the contracts at issue. However, AXIS has not submitted affidavits from these witnesses detailing the hardships they would suffer were the case heard in this District. Quite the contrary, two Marsh executives who worked on the contracts have declared that they are willing to travel to Maryland to give testimony if necessary. *See* Doc. Nos. 28-4, -6. Furthermore, although the testimony of Reich's attorney—and perhaps Reich—may be necessary, it is reasonable to presume that travel from New York to Maryland is less burdensome for an attorney than an ordinary nonparty. *Cf.* Wright et al., 15 Federal Practice & Procedure § 3850 (3d ed.). Therefore, AXIS's first reason supporting transfer is unpersuasive.

Factor (2) is also unconvincing. The statement that this Court lacks power to compel the testimony and document production of the nonparty New York witnesses is misleading. Although the Court may not be able to compel a deposition to take place in this District, no barrier would appear to block FINRA's counsel—some of whom practice in New York—from issuing a subpoena compelling Reich and/or his attorney to attend deposition in New York. *See* Fed. R. Civ. P. 45(a)(3). Furthermore, it is speculative to assume that Reich and/or his attorney will have to be subpoenaed for trial given the early posture of the case, lack of affidavits from both nonparties, and other procedural remedies.

Also, there is no reason to think that transferring venue to New York would be substantially more convenient for AXIS than keeping venue in this District would be for FINRA. Both parties are corporate entities that do business in various states. Indeed, a FINRA representative declares, and AXIS does not dispute, that the AXIS executive involved in issuing the contracts in question twice travelled to FINRA's Rockville offices in connection with the same. Doc. No. 28-6 ¶ 5. Accordingly, AXIS has not shown that transfer to the Southern District of New York would be convenient for the parties and witnesses.

4

**B.      Whether Transfer Is in the Interest of Justice**

AXIS has not shown that transfer to the Southern District of New York would serve the interest of justice. AXIS does not clearly delineate which of the rationales it proffers in support of transfer purport to satisfy this element. To the extent AXIS argues that its convenience rationales serve the ends of justice, the Court rejects this argument for the reasons stated in Part II.A.

AXIS also appears to argue that transfer would serve the ends of justice because New York law will apply to the interpretation of the at-issue contracts. Noting that Maryland follows the principle of *lex loci contractus*, AXIS excerpts a sentence from the contract to support the assertion that the contract was made in New York. *See* Doc. No. 29 at 9. However, the provision AXIS cites is ambiguous, and the record does not yet reflect where the contract was made. Further, this Court is competent to apply the law of other jurisdictions. *See, e.g.*, *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505 (D. Md. 2011) (applying Utah law to a breach of contract claim). Thus, transfer to the Southern District of New York would not serve the interest of justice.

**III.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** AXIS's Motion to Transfer. A separate Order follows. The Court will issue a scheduling order.

| December 13, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
|  | United States District Judge |